UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAISY CABRERA,

                Plaintiff,

-against-

BENJAMIN LAGERSTROM; PATRICIA SMALL,

                Defendants.

23-CV-7852 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendants, who are appearing *pro se*, filed a notice of removal to remove to this Court an action pending in the Civil Court of the City of New York, County of New York. *See Carbrera v. Lagerstrom*, No. CV-001442-23. By order dated September 6, 2023, the Court granted Defendants' requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the action is remanded to the Civil Court of the City of New York, County of New York.

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*,

537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Plaintiff Daisy Cabrera commenced this action for replevin in the Civil Court of the City of New York, County of New York, by filing a summons and complaint on or about February 10, 2023. Personal service on both Defendants was effectuated on March 6, 2023. In the complaint, Plaintiff seeks the return of three dogs that are in the possession of Defendants. (See ECF 1, at 55.) On April 6, 2023, Defendants filed a motion to dismiss the complaint and have the matter transferred to Family Court. (*See* id., at 22-31.) In their motion to dismiss, Defendants appeared to argue that the Family Court should have exclusive jurisdiction over this matter because the parties have a history of domestic disputes and Defendants have an order of protection against Plaintiff. They also maintained that pursuant to the New York Pet Custody Legislation Act, Family Court is the proper venue for this matter. By order dated August 3, 2023, the Hon. Aija Tingling denied Defendants' motion, holding that since this was not a divorce or separation proceeding, the proper remedy to recover a pet is a replevin action, which Plaintiff properly filed in the state court. (*See id.* at 19-20.)

On September 5, 2023, Defendants filed a notice of removal. In the notice of removal, Defendants assert that removal is proper under 28 U.S.C. § 1441(a) because the action presents questions of federal law. The Court understands Defendants primarily to be alleging that the state court, in denying their motion to dismiss, has violated their federal due process rights. For example, Defendants allege, "The state court has incorrectly decided jurisdiction over the lawsuit

2

on the factors pertaining to jurisdiction and have impacted the defendants' lives, liberty and property, forcing them to defend in repeat without legal cause. The decision and order poses legitimate Federal subject matter questions of due process." (*Id.* at 8.) They argue that the state court's order "diminishes codified law reserved for family and criminal courts to decide, raising federal questions." (*Id.* at 12). Elsewhere in the notice of removal, they appear to argue that the state court violated its duty to broadly construe the claims of *pro se* litigants, therefore violating their rights under the Equal Protection Clause of the Fourteenth Amendment. (*See id.* at 14.)

## DISCUSSION

Removal of this case is improper because Defendants do not establish that this Court has subject matter jurisdiction of this action. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

Defendants allege that removal is appropriate because the Court has federal question jurisdiction of their claims. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

In the context of removal, the "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a case is one

arising under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) (holding that a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must look to see if the well-pleaded complaint asserts a federal claim on its face and that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

Here, Plaintiff's one-page complaint presents a simple replevin action. (*See* ECF 1, at 55.) Claims for replevin arise under state law. *See, e.g.*, *Alexander v. Hodell*, 124 F. App'x 665, 667 (2d Cir. 2005) (noting that claims for replevin and trespass to chattels are state law remedies). Nothing in the complaint suggests a federal cause of action. Furthermore, Defendants' unsupported assertion in their motion to dismiss that allowing Plaintiff's complaint to proceed "would impact [their] Constitutional Rights" (ECF 1, at 22) is insufficient to provide the Court with federal question jurisdiction of this action. *See City of Rome, N.Y.*, 362 F.3d at 175.

Defendants' primary argument appears to be that, by denying their motion to dismiss, the state court has violated their federal constitutional right to due process. Courts have repeatedly held, however, that "a state court's purported violation of a party's federal due process rights cannot serve as a basis for removing the state court proceeding to federal district court." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y Oct. 29, 2005) (citing cases); *see*

*Citibank, N.A. v. Swiatkowski*,[1] No. 12-CV-0196, 2012 WL 542681, at *4 (E.D.N.Y. Feb. 21, 2012) ("The Court . . . finds that to the extent Swiatkowski attempts to remove the action based on purported constitutional violations committed by the state court, the removal is improper, and the action must be remanded."). Here, as in *Swiatkoski*, the state court's order "in no way converted the original [replevin action] into a 'civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. . . .'" *Swiatkoski*, 395 F. Supp. 2d at 8-9 (quoting 28 U.S.C. § 1441).

Because Defendants have not demonstrated that the Court has subject matter jurisdiction of this action, the Court concludes that this case may not be removed.[2] Thus, the action is remanded to the Civil Court of the City of New York, County of New York. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

---

[1] *Swiatkoski* and *Swaitkowski* involve the same parties although they are different cases arising from different events. The plaintiff's last name was misspelled on the docket of the earlier case. *See Swaitkowski*, 2012 WL 542681, at *2 n.5.

[2] Although Defendants do not argue that the Court has diversity of citizenship of this action, the Court notes that it lacks such jurisdiction because Plaintiff and Defendants are all residents of the State of New York. *See* 28 U.S.C. § 1332(a).

**CONCLUSION**

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the City Court of the City of New York, County of New York. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated:   September 11, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge